# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON LEE SOUIRI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-CV-257-JED |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court are the plaintiff's Complaint (Doc. 1) and Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Doc. 2). The plaintiff, proceeding pro se, initiated this case against the State of Oklahoma. (Doc. 1 at 1). Although the style of the Complaint lists only the State of Oklahoma as a defendant, plaintiff has set forth the names of other putative defendants under section I.B. of the Complaint. In addition to the State of Oklahoma, plaintiff asserts that the following are defendants: the Delaware County District Attorney (*id.* at 2); Maggie McBane, which plaintiff indicates is a "passive defendant due to her interest and credibility impairment," (*id.* at 3); "Dennis Smith and/or Angela Marsee, District Attorney" (*id.*); and Catina Drywater, Attorney for Rogers County Child Support Services" (*Id.* at 4). Plaintiff asserts that "the culprit was the State in general," and all of the defendants are sued in their official capacities, with the exception of Maggie McBane. (*Id.* at 2-4).

Plaintiff seeks to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite the statute's reference to "prisoner," it applies to all

persons who apply for in forma pauperis status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013). In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed in forma pauperis where the action is frivolous or malicious, the plaintiff has failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

It is impossible to discern from the Complaint a basis for the maintenance of any claim against any of the defendants identified by the plaintiff. Plaintiff indicates that his claims arise

2

under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* does not apply, as that case only authorizes certain claims against *federal* agents, and none are named in plaintiff's Complaint. Plaintiff has also not alleged any facts that would state a plausible claim under § 1983. Plaintiff alleges that he is "suing on the equal protection clause and it's a piece of ideological repugnance; but I think it's accurate and fair." (Doc. 1 at 5). He has not asserted any facts that would allege any colorable claim under the Equal Protection Clause or any other provision of the Constitution. He also refers generally to some right of "liberty" that he suggests has been violated, but his allegations are without factual support. (*Id.*). He further contends that he has been "grotesquely infringed upon as a result of the false-light misrepresentation of [him] in Delaware County by way of criminal charges coming up on background checks," but he does not state any facts to support that assertion or explain how that violates a *federal* right.

The gist of plaintiff's Complaints relates to proceedings in state court regarding dissolution of his marriage, and his acquiescence in 2008 to "step out" of the life of his then-wife, Maggie McBane, and be absent from his daughter's life. (*See id.* at 8-9). Plaintiff has many complaints about Ms. McBane and her attorney in the divorce proceedings, and their actions in 2008. He further asserts that, "[b]etween May and July of 2008, there was a family relations quagmire that resulted in a domestic battery charge against [him] in Las Vegas Nevada," but "nobody can find this case" now and "[a]pparently, Nevada doesn't care anymore." (*Id.* at 9). According to plaintiff, Maggie McBane then committed some form of tax evasion. (*Id.*). He alleges that, at some point, McBane's new husband adopted plaintiff's daughter without his consent. (*Id.*). Plaintiff's Complaint also alleges that his sister punched his 7-month old baby, whom plaintiff was holding at the time. (*Id.*). There were protective orders, a DUI in May of 2012, which he "committed . . .

3

because [he] was flagrantly driving under the influence with indifference" and he "also altered a tie rod end on [his] car because of where [he] lived so that [he] would never drive left of center." (*Id.* at 10-11). In some court proceeding in Rogers County, Oklahoma, plaintiff addressed the judge as "Yo Judgeness" and "used the word 'crap' in material that [he] supplied to the court," and he was "getting hammered in his car with no intent to drive" but was "arrested for public intox . . . where these people finally nabbed the nefarious 'Otis' from the Andy Griffith Show." (*Id.* at 11). These and similar unconnected allegations continue throughout the plaintiff's Complaint, and they do not state any claim under § 1983. His ex-wife's or her attorney's alleged transgressions are not state action as is required to render them defendants under § 1983.[1]

Construing the Complaint in this case liberally in light of plaintiff's pro se status, the allegations do not state a colorable claim under § 1983 or any other federal law. As a result, the Court lacks subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, n.10 (2006) (federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law). The plaintiff's claims should thus be dismissed without prejudice pursuant to § 1915(e)(2).

Even assuming plaintiff had described facts that would support a claim for a violation of federal rights (which he has not), he may not maintain any claim(s) against the State of Oklahoma. Except for Maggie McBane, who is plaintiff's ex-wife, the defendants are the State of Oklahoma and others sued in their official capacities as agents of the State of Oklahoma. Suits against state

---

[1] The Court also notes that any claims under § 1983 would be time-barred under the applicable two-year statute of limitations. *See Kripp v. Luton*, 466 F.3d 1171, 1174-75 (10th Cir. 2006) (§ 1983 claims are subject to Oklahoma's two-year statute of limitations for actions "for injury to the rights of another."). Plaintiff's Complaint was filed four to nine years after the events which he references between 2008 and 2013. (*See* Doc. 3 at 2 [asserting that the "meat and potatoes of what I am arguing are things that happened between 2008 and 2013."]).

officials, in their official capacities, are suits against the state itself. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Absent a specific waiver of immunity, the Eleventh Amendment bars suits in federal court against a state and its agencies. U.S. Const. amend. XI; *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Reames v. Oklahoma ex rel. Okla. Health Care Authority*, 411 F.3d 1164, 1167-68 (10th Cir. 2005); *Jones v. Courtney*, 466 Fed. Appx. 696, 698 (10th Cir. 2012) (unpublished). Under Oklahoma law, a district attorney is an arm of the state and is entitled to Eleventh Amendment immunity from actions against him in his or her official capacity. *Erikson v. Pawnee County Bd. Of County Comm'rs*, 263 F.3d 1151, 1153-54 (10th Cir. 2001). Oklahoma has not waived its Eleventh Amendment immunity to suit, and the Supreme Court has held that 42 U.S.C. § 1983 does not abrogate state sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *see also generally* Okla. Stat. tit. 51, § 152.1(B).

The Eleventh Amendment applies regardless of the relief sought. *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir. 2003); *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Any claims against the State of Oklahoma, Delaware County District Attorney, "Dennis Smith and/or Angela Marsee, District Attorney," and Catina Drywater, Attorney for Rogers County Child Support Services are subject to dismissal without prejudice. *See Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014) (unpublished).

IT IS THEREFORE ORDERED that plaintiff's claims are **dismissed without prejudice**. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **moot**.

ORDERED this 23rd day of May, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE